Springfield and Illinois Southeastern Ry. Co.

*v.*

Supervisor and Clerk of Cold Spring Township.

1. Municipal corporations—*in issuing bonds in aid of private enterprises, the law must be strictly complied with.* Where a municipal corporation is empowered to enter into trade or enterprises of a private nature, there are no presumptions in favor of its acts in respect thereto, but, in their performance, it must appear that the law has been strictly complied with, before the performance of such acts will be enforced by law.

2. Municipal subscriptions—*bonds can not issue for, unless conditions upon which subscription was voted are complied with.* The notice of an election upon the question of issuing bonds of a township in aid of a railroad contained a condition that neither the principal nor interest of the bonds should be payable unless they should first be registered in the Auditor's office, according to the provisions of an act entitled "An act to fund and provide for the payment of the railroad debts of counties, townships, cities and towns," in force April 16, 1869, which act provided that none of its benefits, advantages or provisions should apply to any debt unless the subscription or donation creating the debt was first submitted to the legal voters of the township, etc., and a majority of the legal voters living in said township, etc., were in favor of such aid. There was not a majority of the legal voters living in the township in favor of the aid proposed: *Held,* that the meaning of the condition in the notice of election was, that the vote should so result that the bonds might be legally registered, or that they should not issue, and the vote not having so resulted, there was no power to compel their issue.

Writ of Error to the Circuit Court of Shelby county; the Hon. Horatio M. Vandeveer, Judge, presiding.

Mr. T. W. Ewart, and Mr. H. Tompkins, for the plaintiff in error.

Mr. Anthony Thornton, for the defendants in error.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was an application for a *mandamus* to compel the supervisor and clerk of the town to issue $15,000 of bonds donated by the township to plaintiff in error. On a hearing

in the court below, the petition was denied and the writ refused.

The vital question in the case is, whether the conditions imposed in the notice have been performed. The return states, and the demurrer admits, that a condition in the notice required that the vote should so result in favor of the issue of the bonds that they could be registered with the Auditor, and that there was not a majority of the voters of the township who cast their votes in favor of subscription.

It has been uniformly held by this court that, inasmuch as municipal corporations are created for governmental, and not for business purposes, where such a body is empowered to enter into trade or enterprises of a private or business character, there are no presumptions in favor of such acts, but, in their performance, it must appear that the law has been strictly complied with, before the performance of such acts will be enforced by the law.

The notice of election, as it is alleged and is admitted by the demurrer, provided that the bonds should be delivered upon the conditions, only: when the railway company shall have completed its line of road, "and that neither the principal nor interest of said bonds shall be payable unless they shall have first been registered in the office of the Auditor of Public Accounts, by and at the expense of the holders thereof, according to the provisions of an act entitled 'An act to fund and provide for the payment of the railroad debts of counties, townships, cities and towns,'" in force the 16th of April, 1869. That act contains this provision: "And none of the benefits, advantages or provisions of this act shall apply to any debt, unless the subscription or donation creating such debt was first submitted to an election of the legal voters of said county, township, city or town, under the provisions of the laws of this State, and a majority of the legal voters living in said county, township, city or town, were in favor of such aid, subscription or donation." (Sess. Laws 1869, sec. 7, p. 316.) This is the provision of the act to which reference is made in the notice.

In the case of *Dunnovan* v. *Green*, 57 Ill. 63, it was held, that this provision of that act was peremptory, and that, even if the bonds had been improperly registered, the Auditor was powerless to levy the tax as provided in that act, unless a majority of the voters living in the township voted in favor of subscription; that such a vote was a prerequisite to his power to levy a tax to pay the interest on bonds issued by the township.

Again, in the cases of *Mc Whortor* v. *The People ex rel.* 65 Ill. 290, and *The People ex rel.* v. *Chapman*, 66 ib. 137, it was held, that, where a note had been taken on a notice containing a similar provision to this, and a majority of the voters living in the township had not voted in favor of the proposition, the municipality could not be compelled to issue the bonds. When such conditions were imposed, it was with the view of availing of that enactment. Its benefits were the moving cause for voting the aid, and being made a condition precedent, the people should not be compelled to forego their expectations of receiving the benefits contemplated by the act. Under that statute, the Auditor has no power to register bonds, and levy and distribute the tax, unless a majority of the legal votes of the municipality shall have been in favor of the proposition. The condition in the notice is, that neither principal nor interest of the bonds shall be payable unless they shall have been registered in the office of the Auditor of Public Accounts according to the provisions of that act. It being admitted that a majority of the votes of the township had not been cast in favor of this donation, it follows that the bonds could not be legally registered, and if not, neither principal nor interest of the bonds could ever become payable, and hence it would be an useless act to compel their issue. The meaning of the condition is, that the vote shall so result that the bonds may be legally registered, or they shall not issue; and the vote not having so resulted, there is no power to compel their issue. This question is decisive of the case, and renders the discussion of the other questions raised on the record unnecessary in this case.

The judgment of the court below must be affirmed.

*Judgment affirmed.*